UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
PETER POTENZA,

                    Plaintiff,

   -against-

THE CITY OF NEW YORK, DEPARTMENT OF
TRANSPORTATION,

                    Defendant.
-----------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
04-CV-2434(KAM)(RLM)
03-cv-2430(KAM)(RLM)

**MATSUMOTO, United States District Judge:**

      Plaintiff Peter Potenza ("Potenza" or "plaintiff")
commenced this action against the City of New York Department of
Transportation ("DOT" or "defendant"), his former employer,
alleging violations of 42 U.S.C. §§ 2000 <u>et seq.</u> (Title VII), 29
U.S.C. § 2601 <u>et seq.</u> (Family Medical Leave Act of 1993), New
York State Human Rights Law, Executive Law § 290 <u>et seq.</u>, and
New York City Human Rights Law, § 8-107 of the Administrative
Code, for alleged workplace harassment and retaliation after
Potenza filed a discrimination lawsuit in 2000.

      Pending before the court are the parties' motions <u>in
limine</u>, filed on March 6, 2009, to preclude certain evidence at
trial. Plaintiff seeks to preclude the following evidence
pursuant to Fed. R. Evid. 401 and 403: 1) medical records and
Workers' Compensation documents, and any other evidence, which
addresses plaintiff's physical injuries or collateral effects of

1

such injuries (other than those relating to psychiatric injuries or treatment) (Pl. Mem. at 1), 2) evidence of plaintiff's use of prescription medication (Pl. Mem. at 8), and 3) the contents of tape recorded conversations made by plaintiff in connection with his prior national origin lawsuit (Pl. Mem. at 1).  Defendant seeks to preclude the following evidence: 1) evidence of plaintiff's April 3, 2000 work evaluation on the basis of <u>res judicata</u>, and 2) testimony of George Mooney concerning threats Mooney received pursuant to Fed. R. of Evid. 402.[1]  (Def. Mem. at 3.)

The defendant's motion <u>in limine</u> seeks the following additional relief from the court: 1) dismissal of plaintiff's constructive discharge claim for lack of evidence, and 2) an order precluding the plaintiff from amending his complaint, or, in the alternative, setting an immediate deadline for any amendment.  (Def. Mem. at 2-3.)

For the following reasons, the parties' motions are granted in part and denied in part.

---

[1]     The court notes that on July 14, 2009 defendant filed a letter request to supplement its motion <u>in limine</u>.  The court will address defendant's July 14, 2009 request separately from the parties' motions <u>in limine</u> filed on March 6, 2009, which are the subject of this Memorandum and Order.

## I.    Procedural History

Plaintiff, a prior employee of the New York City of
Transportation, commenced the pending action in June 2004 in the
Southern District of New York alleging violations of federal,
New York State, and New York City anti-discrimination laws for
alleged workplace harassment and retaliation against him
("retaliation action").  The action was subsequently transferred
to this district.  In September 2004, the retaliation action was
consolidated for mediation purposes with Civil Action No. 03-cv-
2430 ("maritime action") in which the plaintiff asserted a claim
for maintenance and cure under maritime law for aggravated
physical injuries and psychological injuries allegedly suffered
as a result of the conduct alleged in the retaliation action.

The parties engaged in mediation, but the cases did
not settle.  Discovery proceeded in both cases, which remained
associated, before Judge Mann.  Plaintiff filed a final Amended
Complaint in the retaliation action on May 5, 2006.
(Retaliation Dkt. No. 101.)  On May 26, 2006, Judge Mann ordered
discovery closed.  (Retaliation Dkt. No. 109.)  Defendant filed
its Answer to the Amended retaliation Complaint on May 30, 2006.
(Retaliation Dkt. No. 111.)

On April 19, 2007, the court "so ordered" the parties'
stipulation of dismissal of plaintiff's maritime action with

prejudice (Maritime Dkt. No. 119); however, defendant's counterclaim in the maritime action remained. In June 2007, before this case was reassigned to the undersigned, the parties filed a Joint Pre-Trial Order. (Retaliation Dkt. No. 124.) In February 2008, the remaining counterclaim in the maritime action and the retaliation action were consolidated by Judge Dearie. (Retaliation Dkt. No. 136; Maritime Dkt. No. 120.) The consolidated cases were subsequently reassigned to the undersigned in August 2008. On June 29, 2009, the counterclaim in the maritime action was dismissed. (Retaliation Dkt. No. 172.)

The parties filed the pending motions in limine and other pre-trial motions on March 6, 2009. In addition to the motions' substance as highlighted above, defendant's motion originally sought preclusion of evidence about plaintiff's purported income losses or economic damages from 2004-2008 "unless his pertinent tax returns and related documents are immediately produced." (Def. Mem. at 3.) Plaintiff subsequently produced the tax and related documents; therefore, defendant's motion as to this evidence is moot. Additionally, plaintiff sought disqualification of Lawrence Profeta, Esq., as trial counsel for defendant's counterclaim based on the unsworn witness rule and New York Rules of Professional Conduct. Following defendant's withdrawal of its counterclaim on June 29,

4

2009, plaintiff's motion for disqualification was rendered moot. (Retaliation Dkt. No. 172.)

The parties' proposed voir dire, proposed jury charges, proposed verdict sheets, and a revised Joint Pre-trial Order were filed in June 2009.  Trial is scheduled to commence on August 3, 2009.

## II.  **Factual Summary**

Plaintiff is a former Marine Engineer of defendant New York City Department of Transportation in various positions on the Staten Island Ferry, commencing in June 1991.  (Retaliation Compl. ¶ 11.)[2]  Beginning in June 2000, plaintiff was a Chief Engineer on several Staten Island Ferry boats.  (Maritime Compl. ¶ 10.)  On February 1, 2000, plaintiff commenced a lawsuit in the Southern District of New York against defendant alleging violations of federal, state, and New York City anti-discrimination statutes, and violations of the Family Medical Leave Act ("2000 lawsuit").  (Retaliation Compl. ¶ 15.)  Summary judgment was granted in favor of defendant in the 2000 lawsuit in the spring of 2001.

Plaintiff alleges that after filing the 2000 lawsuit, he was subjected to harassment and retaliation by fellow employees and supervisors which included a negative performance

---

[2]      Citations to the "Retaliation Complaint" refer to the Second Amended Complaint, filed on May 5, 2006.

evaluation based on "bad work orders" that allegedly did not exist (Retaliation Compl. ¶ 16-17), denial of work opportunities (Compl. ¶ 25-26, 32), the receipt of threats (Retaliation Compl. ¶ 21), and graffiti vandalism of his personal locker (Retaliation Compl. ¶ 39).  Based on this and other conduct, plaintiff filed the retaliation action seeking compensatory damages, costs and fees.  Plaintiff alleges that the conduct alleged in the retaliation action caused him to suffer depression and related physical ailments, and aggravated prior physical ailments.  As a result, plaintiff went on sick leave in July 2000 and returned in August 2001.  (Retaliation Compl. ¶ 23.)  During the time he was on sick leave, plaintiff alleges that he missed opportunities to bid on jobs.  (Retaliation Compl. ¶ 25-29.)  Defendant further alleges that, upon returning to work, he was subjected to additional harassment.  He went on leave in 2004 and was advised by his doctor to seek early retirement due to his medical and psychological state.  (Id. ¶ 73.)  Plaintiff applied for early retirement and subsequently surrendered his maritime license in November 2004.  (Id. ¶ 77.)

As a result of the foregoing, plaintiff alleges that he has suffered lost wages, licensure, benefits, and promotional opportunities, and severe emotional distress.  (Id. ¶ 79.)  He seeks compensatory damages and attorneys' fees.  (Id. at 21-22.)

## DISCUSSION

### III. Motions In Limine to Exclude Certain Evidence

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996); Nat'l. Union Fire Ins. Co. v. L.E. Myers Co. Group, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. See also Baxter Diagnostics, Inc. v. Novatek Med., Inc., No. 94-CIV-5520 (AJP), 1998 U.S. Dist. LEXIS 15093, at *11 (S.D.N.Y. Sept. 25, 1998). Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l. Union Fire Ins. Co., 937 F. Supp. at 287. Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." Luce, 469 U.S. at 41.

The Federal Rules of Evidence govern the admissibility of evidence at trial. Rule 402 requires that evidence be relevant to be admissible. Fed. R. Evid. 402. Relevant evidence is defined as evidence "having any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. Therefore, the court's determination of what constitutes "relevant evidence" is guided by the nature of the claims and defenses in the cause of action.

Here, plaintiff alleges a violation of the anti-retaliation provisions of Title VII, which prohibit discrimination against an employee because the individual "opposed any practice" which is unlawful under Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation," 42 U.S.C. § 2000e-2(a); and the New York Human Rights Law and the New York City Human Rights Law.  Claims brought under the New York Human Rights Law and under the New York City Human Rights Law are analytically identical to claims brought under Title VII.  Torres v. Pisano, 116 F.3d 625, 629 n.1 (2d Cir. 1997).

To establish a prima facie case of unlawful retaliation pursuant to Title VII, a plaintiff must show 1) participation in a protected activity known to the defendant, 2) an employment action disadvantaging the plaintiff, and 3) a causal connection between the protected activity and the adverse employment action.  Torres, 116 F.3d at 639.  Pursuant to Title VII, an employer's actions constitute retaliation if the act

"would have been materially adverse to a reasonable employee or job applicant." Burlington Northern Railway & Santa Fe Railway Co. v. White, 548 U.S. 53, 63 (2006). A plaintiff who demonstrates a violation can only recover for harm or injury caused by the retaliatory acts. Id. at 67.

The court's determination of whether evidence is relevant is, therefore, guided by the substantive anti-retaliation laws highlighted above. Even if relevant, however, Rule 403 permits the exclusion of evidence, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. The district court has broad discretion in making decisions under Rule 403's probative-prejudice balancing analysis. Fiacco v. City of Rensselaer, 783 F.2d 319, 327-28 (2d Cir. 1986). "In making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by [the possibility] . . . that it will divert the jury from the facts which should control their verdict.'" Bensen v. American Ultramar, Ltd., No. 92-CIV-4420 (KMW)(NRB), 1996 U.S. Dist. LEXIS 10647, at *19 (S.D.N.Y. July 26, 1996) (quoting United States v. Krulewitch, 145 F.2d 76, 80 (2d Cir. 1944)). The court applies the foregoing analysis to the parties' pending motions. To the extent that the parties

rely on additional rules of evidence, the court addresses those
rules in turn below.

### A. Admissibility of Evidence of Plaintiff's Physical Injuries and Workers' Compensation Documents

Plaintiff argues that medical records and documents
relating to plaintiff's physical injuries or collateral effects
of those injuries are irrelevant to plaintiff's claim that he
suffered psychological harm due to the defendant's alleged
retaliatory acts.  As a result, plaintiff argues that evidence
of plaintiff's physical injuries should be precluded pursuant to
Fed. R. Evid. 402.  (Pl. Mem. at 7.)  In opposition, defendant
argues that plaintiff's physical injuries are relevant as an
alternative or additional cause for plaintiff's alleged
psychological injuries.  (Def. Mem. at 3-5.)

The court finds that evidence of plaintiff's physical
injuries is relevant to the issue of causation and damages.
Plaintiff's expert opined that plaintiff's "psychological
problems are a direct result of workplace trauma, both physical
and emotional . . ."  (Profeta Opp'n. Decl. Ex. 3.)  Plaintiff's
expert acknowledged that the chronic pain, experienced by
plaintiff as a result of his physical injuries, could cause
depression.  (Profeta Opp'n. Decl. Ex. 4.)  Additionally,
plaintiff's doctor testified that Potenza's high blood pressure

could have been caused by emotional distress or his back pain.
(Profeta Opp'n. Decl. Ex. 5.)

Further, the evidence is not unduly prejudicial to plaintiff. It will not distract or confuse the jury, nor will it cast plaintiff in an unfavorable light. Therefore, its probative value is not substantially outweighed by its prejudicial effect. The court denies plaintiff's motion to preclude evidence of plaintiff's physical injuries.

### B. Admissibility of Evidence of Plaintiff's Medication Use

Plaintiff similarly argues that evidence of his use of prescription pain medication is irrelevant and should be precluded pursuant to Fed. R. Evid. 402 and 403. Additionally, plaintiff argues that this evidence would lead to disclosure of Potenza's abuse of the pain medications and would, therefore, cast Potenza in an unfavorable light, causing undue prejudice. Further, plaintiff argues that a "trial within a trial" would result if evidence of Potenza's pain medication use was admitted because plaintiff would have to explain his treatment for abusing the medications, thereby confusing the jury. Defendant argues that, like evidence of plaintiff's physical injuries, evidence of the use of pain medication provides an alternative or additional explanation for why plaintiff was on extended

medical leave – to undergo drug abuse treatment – and is relevant to plaintiff's alleged psychological injuries.

The court finds that evidence that plaintiff took pain medication is relevant to the issues of causation and damages to the extent that plaintiff's use of pain medication may have resulted in plaintiff's extended sick leave and potentially contributed to plaintiff's psychological injuries. Even if this evidence might cast plaintiff in a negative light, the court finds that its probative value is not substantially outweighed by its prejudicial effect. Therefore, plaintiff's motion to preclude evidence of Potenza's use of pain medication is denied.

**C. Admissibility of Contents of Taped Conversations**

Plaintiff additionally seeks to preclude the admission of the contents of tape recordings made by Potenza during his prior lawsuit. Plaintiff argues that the contents of the tape recordings are irrelevant and would result in confusion of the jury if introduced. In opposition, defendant asserts that "certain information on these tapes is relevant to certain of the allegations," without specifying what information is relevant, the allegations to which the contents are relevant, or how the tapes' contents are relevant. (Def. Opp'n. at 7.) Defendant further states, without elaboration, that the contents of the tapes may "also may be relevant for impeachment

purposes." (Def. Opp'n. at 7.) Additionally, defendant argues

that plaintiff's proffered evidence of a letter written by

plaintiff's attorney to defendant's then-counsel stating that

transcripts of the tapes were circulated among Potenza's fellow

workers justifies the introduction of the contents of the tapes.

Neither party has submitted a copy of the tape

recordings, a transcript, or a meaningful description of the

recordings' contents. As a result, the court cannot assess the

admissibility of the tape recordings on the record before it.

Therefore, the court reserves decision as to the admissibility

of the tape recordings' contents. If defendant intends to

introduce the contents of the recordings, it shall provide the

court with either transcripts or copies of the relevant portions

by July 24, 2009. If, by July 24, 2009, defendant has not

produced the contents of the tape recordings to the court,

plaintiff's motion to preclude admission of the tape recordings'

contents will be granted.

### D. Admissibility of Third-Party George Mooney's Testimony Regarding Threats

Defendant argues that plaintiff's witness, George

Mooney, a former Staten Island Ferry employee, should be

precluded from testifying "'concerning threats he received from

[Ralph] McKenzie, and the subsequent assault he was subjected

to.'" (Def. Mem. at 8 (quoting the parties Joint Pre-trial

Order at p. 9).) Defendant argues, without specifying the nature, context, or content of the alleged threats to Mr. Mooney, that evidence regarding the alleged threats to Mr. Mooney is irrelevant and unduly prejudicial, and would confuse the jury.

In opposition to defendant's motion, plaintiff argues, without specifying the alleged threats to either Mr. Mooney or the plaintiff, that evidence and testimony of Mooney regarding the threats he received is "highly probative of . . . the effect the retaliatory actions had upon Mr. Potenza." (Pl. Opp'n. at 10.) According to plaintiff, the threats received by Mooney are relevant to plaintiff's state of mind because the plaintiff proffers that there will be evidence that plaintiff knew of the threats to Mooney. Additionally, plaintiff argues that this evidence is admissible pursuant to Fed. R. Evid. 404(b) as prior acts evidence, proffered to show defendant's knowledge or intent. (Pl. Opp'n. at 11.)

The court finds that the threats received by Mooney, as proffered by plaintiff to demonstrate plaintiff's state of mind, are irrelevant to plaintiff's claims of retaliation. The threats received by Mooney are, therefore, inadmissible pursuant to Fed. R. Evid. 402 and 403. Plaintiff's knowledge of the alleged threats against another individual and how those threats may have shaped plaintiff's perception of the alleged

retaliatory acts perpetrated against plaintiff, and, therefore, impacted the extent of plaintiff's psychological injury, is not relevant to plaintiff's retaliation claims. Whatever psychological harm plaintiff suffered must have been caused by the alleged retaliatory acts against him, not actions against others, in order for plaintiff to obtain damages. Burlington Northern, 548 U.S. at 67. Furthermore, to the extent that plaintiff seeks to demonstrate that threats to him constituted adverse employment actions, his perception of the threats – or the likelihood that they would be fulfilled - is irrelevant. See, e.g, Torres v. Pisano, 116 F.3d 625, 640 (2d Cir. 1997) (plaintiff's feelings of being "frightened" and "intimidated" after being asked to drop her EEOC charge did not establish a "materially adverse change in the terms and conditions of employment").

Furthermore, the court finds that evidence of threats to Mooney is inadmissible as prior acts evidence pursuant to Fed. R. Evid. 404(b). Rule 404(b) states, in relevant part, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes . . . ." Plaintiff intends to proffer evidence of threats received by Mooney pursuant to Fed. R. Evid. 404(b) as "evidence of managements [sic] as well as Mr. Potenza's

coworkers' reaction to those who threatened or actually did challenge management policies." (Pl. Mem. at 11.) The record before the court is insufficient for the court to properly analyze whether the threats received by Mooney are probative of management's and plaintiff's coworkers' reactions to those challenging management policies. Nevertheless, even assuming as much, the court finds that plaintiff's proffered purpose for evidence of threats received by Mooney is exactly that which is proscribed by Rule 404(b), i.e., that, based on the prior conduct of management and plaintiff's coworkers, an inference that plaintiff was retaliated against can be drawn. As a result, the admission of the evidence for a 404(b) purpose is prohibited.

For the foregoing reasons, defendant's motion to preclude evidence of the threats received by non-party witness Mooney is granted.

### E.  Admissibility of Evidence of Plaintiff's April 2000 Work Evaluation

Defendant additionally argues that evidence that plaintiff "was given 'a negative evaluation on or about April 3, 2000 . . . based on "bad work orders"['] or did not receive related paperwork [for an appeal]" should be precluded based on the doctrine of res judicata because this evidence fell within the parameters of the plaintiff's 2000 lawsuit in which the

defendant was granted summary judgment. (Def. Mem. at 7.)
"Under the doctrine of res judicata, or claim preclusion, a
final judgment on the merits of an action precludes the parties
or their privies from relitigating claims that were or could
have been raised in that action." Marvel Characters, Inc. v.
Simon, 310 F.3d 280, 286 (2d Cir. 2002). The defendant argues
that the issue of the April 2000 evaluation was raised in
plaintiff's brief in opposition to defendant's motion for
summary judgment in the 2000 lawsuit. However, the plaintiff's
brief makes no reference to the April 2000 evaluation
specifically, but rather simply states that "Cess' attempt to
compromise plaintiff Potenza's employment status persisted in
the year 2000" and goes on to discuss the 1999 evaluation.
(Def. Ex. 8.) The court cannot conclude that the plaintiff
raised this allegation in the 2000 lawsuit. Indeed, Judge
Stein's Opinion & Order granting summary judgment in favor of
defendant in the 2000 lawsuit confirms that the defendant's
conduct at issue in that case dates prior to 2000. Therefore,
issues regarding the April 2000 evaluation are not the subject
of a final judgment on the merits.

        Because plaintiff did not raise a retaliation claim in
the 2000 lawsuit, the court's inquiry focuses on whether
plaintiff could have raised the retaliation claim in the prior
action. Whether a claim that was not raised in the previous

action could have been raised therein "'depends *in part* on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'" <u>Marvel Characters</u>, 310 F.3d at 287 (quoting <u>Woods v. Dunlop Tire Corp.</u>, 972 F.2d 36, 38 (2d Cir. 1992)) (emphasis in original). Considering that plaintiff's current retaliation action is based on the filing of the 2000 lawsuit, the facts necessary to support this second action were not present when the first action was filed. In light of the foregoing, defendant's motion to preclude evidence of the April 2000 evaluation based on <u>res judicata</u> is denied. The court, however, reserves decision as to whether this evidence should be precluded on other grounds.

### IV. <u>Defendant's Additional Motions in Limine</u>

#### A. Defendant's Motion to Dismiss Plaintiff's Constructive Discharge Claim

In its motion <u>in limine</u>, defendant argues that "even if all of plaintiff's allegations are taken as true, there is no basis for a constructive discharge claim" (Def. Mem. at 10) and that "there is no evidence to support a constructive discharge claim" (Def. Reply at 5). Therefore, according to defendants, to the extent that plaintiff alleges a retaliation claim based on constructive discharge, plaintiff's claim should be

18

dismissed. (Def. Mem at 10.) In light of the procedural posture of the case, the court analyzes this motion in limine as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

A court may grant summary judgment only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Pursuant to Local Rule 56.1, the movant is required to submit a statement of undisputed material facts, with each fact set forth in a numbered paragraph and followed by a citation to admissible evidence.

In support of its motion, defendant has not submitted a Local Rule 56.1 Statement or any affidavits or discovery materials regarding the constructive discharge theory. As a result, defendant's motion is based solely on the Amended Complaint and its Answer to the Amended Complaint. Defendant, therefore, has not met its burden in demonstrating the absence of a genuine issue of material fact and its motion to dismiss the constructive discharge theory is thus denied.

**B. Defendant's Motion to Preclude Further Amendments to the Complaint**

Defendant seeks an order from the court precluding plaintiff from amending his complaint at this juncture or anytime hereafter, or, in the alternative, requests that the court set a deadline by which plaintiff must amend his complaint. Plaintiff has clarified that he does not seek leave to amend his complaint. The Second Amended Complaint will define the issues to be tried.

Pursuant to Fed. R. Civ. P. 15, a party may amend its pleading with the court's leave as late as after trial. To determine whether the court will grant plaintiff leave to amend his complaint, in the event that plaintiff seek as much, is premature. "A court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure." <u>Richardson Greenshields Secur., Inc. v. Mui-Hin Lau</u>, 825 F.2d 647, 652 (2d Cir. 1987). Therefore, defendant's motion is denied.

**CONCLUSION**

The parties' motions <u>in limine</u>, filed on March 6, 2009, are granted in part and denied in part as follows: 1) Plaintiff's motion to preclude evidence of plaintiff's physical injuries and use of pain medication is denied. 2) The court reserves decision on plaintiff's motion to preclude admission of

the contents of the tape recordings made by Potenza during the 2000 lawsuit. 3) Defendant's motion to preclude testimony of George Mooney regarding threats he received is granted.  4) Defendant's motion to preclude evidence of plaintiff's April 2000 evaluation on <u>res judicata</u> grounds is denied. 5) Defendant's motion to dismiss plaintiff's constructive discharge claim is denied. 6) Defendant's motion to preclude further amendments to the complaint is denied.


**SO ORDERED.**

Dated: July 15, 2009
       Brooklyn, New York


_____    /s/_____ _____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York